# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evan Eugene Moore, | Case No. 2:19-cv-02108-GMN-BNW |
| Plaintiff, | |
| v. | **Order** |
| Jerry Howell, et al., | |
| Defendants. | |

Before the Court is a motion by Defendants Flores-Arias and Kelly to bifurcate discovery. ECF No. 50. No response has been filed.

Defendants wish to complete discovery and dispositive motions on the issue of exhaustion before they are required to undertake discovery on the merits of the allegations. Defendants assert they "have a good faith basis, after an initial investigation, to assert the affirmative defense of exhaustion." *Id.* at 3. They maintain this approach will eliminate time consuming and costly litigation on the merits. *Id*.

**I.   Analysis**

At the outset, the Court notes there are grounds to grant this motion given Plaintiff's failure to respond. *See* LR 7-2(d). Nevertheless, the Court provides its rationale for granting the motion below.

The district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Prison Litigation Reform Act mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The Ninth Circuit has set out "the procedure that [it] believe[s] will best achieve the purposes of the exhaustion doctrine in PLRA cases, consistent with the Federal Rules." *Albino v. Baca*, 747 F.3d

1162, 1170 (9th Cir. 2014). In turn, the Circuit explained that the issue of exhaustion of administrative remedies "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id*. Under this guidance, discovery would first be limited to the issue of exhaustion. *Id.* The court could then enter an order on any motions for summary judgment concerning this issue. *Id.* Discovery on the merits of the case should proceed after the court holds that "the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused." *Id*.

The court adopts the rationale in *Albino* and, in its wide discretion, will bifurcate discovery as proposed by Defendants.

IT IS THEREFORE ORDERED that Defendants' motion at ECF No. 50 is granted.

IT IS FURTHER ORDERED that Defendants must produce documents relating to the issue of exhaustion of administrative remedies to Plaintiff no later than 15 days from the date of this order.

IT IS FURTHER ORDERED that the discovery deadline on the issue of exhaustion will be January 2, 2023. The deadline for dispositive motions on the issue of exhaustion will be January 30, 2023.

IT IS FURTHER ORDERED that Defendants are to file a status report with the Court 14 days after the ruling on any dispositive motion to discuss, if necessary, a new scheduling order regarding the merits of the substantive allegations.

IT IS FURTHER ORDERED that Defendants' motion at ECF No. 51 is denied as moot.

IT IS FURTHER ORDERED that the hearing set for December 5, 2022 is vacated.

DATED: November 21, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE