# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EVAN EUGENE MOORE, )
                     Plaintiff, )   Case No.: 2:19-cv-02108-GMN-BNW
    vs. )
                                     )   **ORDER**
JERRY HOWELL, *et al.*, )
                   Defendants. )

Pending before the Court is the Motion for Summary Judgment, (ECF No. 71), and two Motions for Default Judgment, (ECF Nos. 48, 80), all filed by Plaintiff Evan Eugene Moore ("Plaintiff"). Interested Party the Office of the Attorney General filed a Response, (ECF No. 53), to the first Motion for Default Judgment, (ECF No. 48).

For the reasons discussed below, the Court **STRIKES** Plaintiff's Motion for Summary Judgment[1] and **DENIES** Plaintiff's Motions for Default Judgment as premature.

## I. BACKGROUND

Plaintiff alleges that correctional officer Flores-Arias conducted a deliberately harassing strip and body cavity search on Plaintiff while he was incarcerated at Southern Desert Correctional Center ("SDCC"). (*See generally* Compl., ECF No. 4). Specifically, Plaintiff alleges that "he was forced to remove his clothing and forced to perform sexually provocative acts," including spreading his buttocks to permit visual inspection of his anus area and inserting his fingers into his mouth. (*Id.* at 6). Plaintiff further alleges that he was retaliated against and

///

---

[1] Plaintiff's Motion for Summary Judgment seeks summary adjudication on the liability of Defendant Ybarra. Defendant Ybarra has not appeared to defend against Plaintiff's Motion. The proper avenue for seeking judgment against Ybarra is a motion for default judgment, which Plaintiff also filed. Accordingly, the Court STRIKES Plaintiff's Motion for Summary Judgment as improper.

called out for filing a Prison Rape Elimination Act ("PREA") complaint against a correctional officer. (*Id.* at 6–7).

Plaintiff filed his Complaint against Warden Jerry Howell and Nevada Department of Corrections ("NDOC") employees Derrick Kelly, Alejandro Flores-Arias, and Josue Ybarra "jointly and severally." (*Id.* at 1, 17). Plaintiff sued all Defendants in their individual and official capacities. (*Id.* at 1–3). The Complaint contains the following allegations against Ybarra: (1) during the strip search of culinary workers, after another correctional officer singled Plaintiff out as the reason for the search, Ybarra said "yeah he's from Oakland, California, he did this to you," referring to Plaintiff; (2) Ybarra did not intervene to prevent the search. (*Id.* at 7–8). Plaintiff's allegations against Kelly are substantially similar. (*Id.* at 7).

On March 26, 2021, the Office of the Attorney General filed a Notice of Acceptance of Service declaring that the Office accepts service on behalf of Kelly and Flores-Arias, but the Office does not accept service on behalf of Ybarra. (Not. Acceptance of Service, ECF No. 10). The Court then issued a summons for Defendant Ybarra under seal and directed the U.S. Marshal to attempt service using the address filed under seal by the Attorney General once Plaintiff returned the required USM-285 form. (Order 2:13–3:3, ECF No. 15). The summons was returned executed on May 10, 2021.[2] (Summons Returned Executed, ECF No. 17). The Clerk entered a default against Defendant Ybarra on June 30, 3022. (Entry of Default, ECF No. 34).

On May 25, 2021, Defendants moved to dismiss the NDOC Employees in their official capacities. (Mot. Dismiss, ECF No. 18). In response, Plaintiff submitted that Defendants' Motion to Dismiss should be granted. (Resp. to Mot. Dismiss, ECF No. 25). Because Plaintiff

///

---

[2] The notice that the summons was returned executed was filed under seal. The Court will order the Clerk of Court to file a redacted version on the docket so Defendants may see that Ybarra was served.

agreed to granting the motion, the Court dismissed all claims against Defendants in their official capacities. (Min. Order, ECF No. 26).

## II. LEGAL STANDARD

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* Additionally, the FRCP 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

As an initial matter, the Court notes that the first step of the two-step process for obtaining default judgment has been met. Interested Party the Office of the Attorney General asserts that the Clerk's default was improper because there was no proof of service on the docket, nor is there an indication on the docket that Plaintiff sent the USM-285 form to the U.S. Marshals. (Resp. 2:11–21, ECF No. 53). This is not true. Docket entry number 17, which was filed under seal, establishes that the U.S. Marshal Service served the summons for Defendant

Ybarra on May 4, 2021.  Although the docket does not indicate that Plaintiff sent the USM-285 form to the U.S. Marshals, the notice of summons returned executed demonstrates that Plaintiff timely returned the required form so the U.S. Marshals could execute service.  Accordingly, the Clerk's entry of default was proper.

Nonetheless, the Court will not enter default judgment against Ybarra.  "Courts in the Ninth Circuit follow the time-honored doctrine from *Frow v. De La Vega* for considering whether to enter default judgment against less than all defendants in a multi-defendant case." *Henderson v. Hughes*, No. 2:16-cv-01837-JAD-CWH, 2019 WL 1064108, at *3 (D. Nev. Mar. 6, 2019).  Under the *Frow* doctrine, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

*Frow* applies to cases in which the "co-defendants are 'similarly situated' and defense of the claims will hinge on the same legal theory because 'it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action.'" *Henderson*, 2019 WL 1064108, at *3 (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012)).  Although this case is not a clear application of *Frow* because Plaintiff is suing the Defendants in their personal capacities for their individual actions or inactions, Plaintiff has sued all Defendants "jointly and severally" for compensatory damages amounting to $51,000.00.[3]  (Compl. at 17).

Moreover, Ybarra is similarly situated to Defendant Kelly.  Plaintiff alleges that Kelly and Ybarra each failed to intervene, and each made a statement singling Plaintiff out during the incident. (Compl. at 7–8).  "The *Frow* doctrine cautions against entering a default judgment

---

[3] Plaintiff also seeks punitive damages in the amount of $10,000.00 against each Defendant individually. (Compl. at 17).

against the defaulted defendant[]" Ybarra while Kelly "continues to actively defend against" essentially the same claim. *Henderson*, 2019 WL 1064108, at *4. Indeed, by addressing the merits of Plaintiff's Motions for Default Judgment under the *Eitel* factors, the Court would have to weigh the sufficiency of Plaintiff's allegations without the aid of briefing from Defendants, briefing that will likely come at a later stage in this litigation. Accordingly, the Court DENIES Plaintiff's Motions for Default Judgment without prejudice to his ability to re-file a motion for default judgment after the claims against the remaining defendants have been resolved.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment, (ECF No. 48, 80), are **DENIED as premature**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 71), is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a redacted copy of the Summons Returned Executed, (ECF No. 17). Addresses and other personal, identifying information shall be redacted.

**DATED** this __21__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court